UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-60037-GAYLES/STRAUSS

**TERRY BHARRATSINGH and**
**ZALAKA BHARRATSINGH**,

    Plaintiffs,

v.

**LEXINGTON INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Lexington Insurance Company's Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

## BACKGROUND

On October 22, 2021, Plaintiffs Terry Bharratsingh and Zalaka Bharratsingh initiated this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit, in and for, Broward County, Florida. In the Complaint, Plaintiffs assert a claim for breach of contract. [ECF No. 1-2]. Plaintiffs allege that Defendant failed to comply with a homeowner's insurance policy that was in effect on September 10, 2017. *Id.*

In the instant Motion, Defendant argues that prior to filing the Complaint, Plaintiffs did not provide the Department of Financial Services with a written notice of intent to initiate litigation (the "Notice") as required under Fla. Stat. § 627.70152. Defendant argues that the Court should, therefore, dismiss the case without prejudice pursuant to the statute. Although Plaintiffs concede that they did not file the Notice, [ECF No. 14 at 2], they argue that the Court should not

retroactively apply Fla. Stat. § 627.70152 to an insurance policy that was issued before July 1, 2021, when the statute became effective.

## DISCUSSION

Fla. Stat. § 627.70152 applies to "all suits not brought by an assignee arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer." Fla. Stat. § 627.70152(1). Relevant to the litigation at issue, the statute provides that "[a]s a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation . . . at least 10 business days before filing" such a suit. Fla. Stat. § 627.70152(3). Additionally, the statute instructs that "[a] court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required[.]" Fla. Stat. § 627.70152(5). And "if a court dismisses a claimant's suit pursuant to subsection (5), the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit . . . and the court may award to the insurer reasonable attorney fees and costs associated with securing the dismissal." Fla. Stat. § 627.70152(8).

The Court agrees with Plaintiffs that the statute affects the substantive rights of the parties and, thus, should not apply retroactively. The Florida Supreme Court has held that a statute should not apply retroactively "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 877 (Fla. 2010). Analyzing Fla. Stat. § 627.70152 under *Menendez*, courts within this district have found that the statute imposes substantive changes. For example, the statute (1) alters insureds' right to sue; (2) penalizes insureds that fail to file a pre-suit notice by dismissing their cases and precluding them from an award of attorney's fees for any services rendered before dismissal; and (3) provides

insurers with additional time to accept coverage. *See Villar v. Scottsdale Ins. Co.*, No. 22-CV-21362, 2022 WL 3098912, at *4 (S.D. Fla. Aug. 4, 2022) ("[T]he statute at issue does exactly that: it 'substantively alters an insurer's obligation to pay and an insured's right to sue under the contract.'" (citation omitted)); *Williams v. Foremost Prop. & Cas. Ins. Co.*, No. 21-CV-926, 2022 WL 3139374, at *4 (M.D. Fla. Aug. 5, 2022) (agreeing with other courts in this district that the statute penalizes insureds with dismissal and a preclusion of attorney's fees and provides insurers with more time to accept coverage). This Court similarly determines that Fla. Stat. § 627.70152 imposes substantive changes that foreclose retroactive application. *See e.g.*, *Villar*, 2022 WL 3098912, at *4–5 (denying defendant's motion to dismiss because Fla. Stat. § 627.70152 imposes a substantive change and, thus, cannot apply retroactively); *Williams*, 2022 WL 3139374, at *4 (same); *Spyredes v. Scottsdale Ins. Co.*, No. 22-CV-60406, 2022 U.S. Dist. LEXIS 69176, at *2 (S.D. Fla. Apr. 14, 2022) (same); *Dozois v. Hartford Insurance Company of the Midwest*, No. 21-CV-951, 2022 WL 952734, at *2 (M.D. Fla. Mar. 30, 2022) (same); *Rosario v. Scottsdale Ins. Co.*, No. 21-24005-CIV, 2022 WL 196528, at *1–2 (S.D. Fla. Jan. 21, 2022) (same). Therefore, the Motion is denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 8], is **DENIED**.
2. The parties shall file an amended proposed scheduling order on or before August 26, 2022.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE